# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1652V

| | |
|---|---|
| LORI SEAWEL,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 18, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Lara A. Englund, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 23, 2020, Lori Seawel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of being administered an influenza vaccine on September 26, 2018. Petition, ECF No. 1. On May 16, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 52.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $33,352.77 (representing $31,160.15 in fees plus $2,192.62 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Oct. 19, 2023, ECF No. 57. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred $6.15 in out-of-pocket expenses. ECF No. 58.

Respondent reacted to the motion on Oct. 23, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 59. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. Motion at 30-58. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Accordingly, Petitioner is awarded the total amount of $33,358.92**[3] **as follows:**

- **A lump sum of $33,352.77, representing reimbursement for fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel and;**

- **A lump sum of $6.15, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
